UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOEL W. ALLEN, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 09-CV-0037-CVE-PJC |
| | ) |
| CPL MULL, Badge # 12, CHEROKEE CASINO CATOOSA, CHEROKEE MARSHALS, and ROGERS COUNTY JAIL, | ) |
| | ) |
|       **Defendants.** | ) |

**OPINION AND ORDER**

This matter comes on for consideration of the following motions: plaintiff's Motion for Appointment of Counsel and a Martinez Report by an Independant [sic] (Dkt. # 7); plaintiff's motion to direct United States Marshal's Service to serve summons and correct mistake in original complaint (Dkt. # 9); and plaintiff's motion for appointment of counsel and request for formal investigation of his allegations by federal law enforcement officials (Dkt. # 10).

The Court may appoint counsel to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). In deciding a party's motion for appointment of counsel, the Court considers (1) the merits of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present her claims; and (4) the complexity of the legal issues raised by the claims. Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). Plaintiff claims that he was wrongfully imprisoned in the Rogers County Jail by Cherokee marshals and was mistreated by "Corporal Mull" during his detention. The amended complaint (Dkt. # 6) does not describe plaintiff's claims in detail and does not identify a particular legal theory supporting his allegations. This makes it difficult for

the Court to assess the merits of plaintiff's claims and the Court is not in a position to apply the first or second factors of the Rucks test. Plaintiff states that he is "dumb [and] drawing a nut check" and it appears that plaintiff may have a difficult time proceeding pro se. However, his complaint does not raise any legal issues that are particularly complex. Plaintiff has failed to present any evidence of special circumstances which would prevent him from proceeding pro se. Compare Rucks, 57 F.3d at 979 (upholding the denial of court appointed counsel, noting that plaintiff failed to demonstrate unusual barriers to self representation), with McCarthy v. Weinberg, 753 F.2d 836, 837 (10th Cir. 1985) (finding that plaintiff was entitled to counsel as he suffered from poor eyesight, a speech impediment and memory lapses, and had general difficulty with communication). While a trained legal representative might be better equipped to understand the nuances of the legal issues in this case, that alone cannot justify the appointment of counsel by this Court. After considering the Rucks factors, the Court finds that plaintiff's motions for appointment of counsel should be denied.

Plaintiff asks the Court to direct the United States Marshal's Service to serve Corporal Mull and other defendants.[1] The Court ordered the Court Clerk to provide plaintiff with a USM-285 Marshal service form and a copy of the complaint for each named defendant (Dkt. # 3), but it is plaintiff's responsibility to complete and return these documents to the Court Clerk for service on defendants. To date, plaintiff has not submitted any completed USM-285 forms and, for that reason, the Court may not order the United States Marshal's Service to serve any defendant. The Court

---

[1] Plaintiff also asks the Court to order service of the original and amended complaint on each defendant. Plaintiff has filed an amended complaint, and his amended complaint supersedes the original complaint. Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007). Therefore, his original complaint has no legal significance and there is no reason to serve the original complaint on any defendant.

notes that plaintiff filed this lawsuit on January 23, 2009 and he has 120 days from that date, or until May 25, 2009, to serve defendants, or his case will be dismissed under Fed. R. Civ. P. 4(m) for failure to serve defendants within 120 days of filing his complaint.

Plaintiff's requests for a Martinez report (Dkt. ## 7, 10) and a formal investigation by law enforcement officials (Dkt. # 10) should also be denied.[2] A Martinez report is prepared at the request of the Court in a case filed by a pro se prisoner plaintiff to "identify and clarify the issues plaintiff raises in his complaint." Hall v. Bellmon, 935 F.2d 1106, 1112 (10th Cir. 1991); see also Simkins v. Bruce, 406 F.3d 1239, 1241 n.2 (10th Cir. 2005) ("A *Martinez* report is a judicially authorized investigative report prepared by prison officials to help the court determine if 'a pro se prisoner's allegations have any factual or legal basis.'"). In this case, plaintiff is not a prisoner and the Court may not order any defendant to prepare a Martinez report. In addition, the Court notes that plaintiff has not served any of the defendants and there is no defendant before the Court from which to order a Martinez report. Concerning plaintiff's request for an order compelling a criminal investigation of his allegations, this Court has no authority to compel the federal government to conduct a criminal investigation.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Appointment of Counsel and a Martinez Report by an Independant [sic] (Dkt. # 7), plaintiff's motion to direct United States Marshal's Service to serve summons and correct mistake in original complaint (Dkt. # 9), and plaintiff's motion for appointment of counsel and request for formal investigation of his allegations by federal law enforcement officials (Dkt. # 10) are **denied**.

---

[2] Plaintiff's motion (Dkt. # 10) could also be construed as a request for leave to file a second amended complaint. (It is noted that the first amended complaint was court-ordered). Plaintiff has not served any defendant and no responsive pleading has been filed. Therefore, plaintiff may amend his complaint once as a matter of right under Fed. R. Civ. P. 15(a) without leave of court.

**DATED** this 19th day of March, 2009.

                                                CLAIRE V. EAGAN, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT