UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOEL W. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-0037-CVE-PJC |
| ) | |
| CPL MULL, Badge # 12, CHEROKEE ) | |
| CASINO CATOOSA, CHEROKEE ) | |
| MARSHALS, and ROGERS COUNTY ) | |
| JAIL, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court are Defendant's, Brett Mull, Motion to Dismiss Complaint for Lack of Jurisdiction Pursuant to Rule 12(b) and Failure to State a Claim Pursuant to Rule 12(b) and Brief in Support (Dkt. # 27) and Motion to Dismiss and Brief in Support of the Improperly Named Defendant, Rogers County Jail (Dkt. # 33). Brett Mull, an employee of the Cherokee Nations Marshal Service, argues that the Cherokee Nation, the Cherokee Nation Marshal Service, and its officers are immune from suit under the doctrine of sovereign immunity. The Rogers County Jail argues that plaintiff's amended complaint does not contain any allegations explaining his claims against this defendant and, even if plaintiff has stated a claim, "The Rogers County Jail" is not a recognized legal entity under Oklahoma law.

On January 23, 2009, plaintiff filed a pro se complaint alleging that Mull and other defendants violated his constitutional rights. He claimed that Mull falsely imprisoned plaintiff on a "bogus charge" of placing a pill in a woman's drink at the Cherokee Casino in Catoosa, Oklahoma. Dkt. # 1, at 2. The Court reviewed the complaint and determined that plaintiff had not stated a claim. Dkt. # 3. However, the Court permitted plaintiff to file an amended complaint clarifying his

claims and provided instructions for service of summonses and an amended complaint on defendants. Plaintiff filed an amended complaint and served Mull and the Rogers County Jail.[1] However, plaintiff did not provide a correct address for defendants Cherokee Nation Catoosa or the Cherokee Marshals, and the United States Marshals Service was unable to serve these defendants with a summons and copy of the amended complaint. Dkt. ## 37, 38. The amended complaint reasserts plaintiff's allegations that he was falsely imprisoned. Dkt. # 6, at 2. Plaintiff also alleges that Mull threatened, coerced and tortured him and denied him access to prescription narcotics to which he was addicted. Id.

Plaintiff has not responded to defendant Mull's or the Rogers County Jail's motions to dismiss. Under LCvR 7.2(f), more than eleven days have passed since plaintiffs' response was due and the motions are deemed confessed. The Court has also independently reviewed defendants' motions and finds that the motions should be granted. Construing the amended complaint broadly in favor of plaintiff, the Court finds that Mull is not entitled to sovereign immunity based solely on the pleadings, because the complaint adequately alleges that Mull was acting outside of his capacity as a tribal official. See Burrell v. Armijo, 456 F.3d 1159, 1174 (10th Cir. 2006). However, the Court finds that the amended complaint does not allege a claim against Mull under 42 U.S.C. § 1983 or § 1985. Plaintiff's general allegations of threats or coercion are unsupported by any specific facts, and he has not alleged a deprivation of his constitutional rights. The Court also finds that the

---

[1] The Rogers County Jail alleges that it was not served in compliance with Fed. R. Civ. P. 4, and plaintiff's claims against it should be dismissed due to improper service. As plaintiff's claims against this defendant should be dismissed for other reasons, the Court will not address this argument in this Opinion and Order.

2

amended complaint does not contain any factual allegations suggesting how the Rogers County Jail violated plaintiff's constitutional rights, and his claims against this defendant should be dismissed.

Plaintiff has not served defendants Cherokee Casino Catoosa or Cherokee Marshals, and more than 120 days have passed since the complaint was filed. Although plaintiff filed an amended complaint, these defendants were named in the original complaint, and the filing of an amended complaint does not extend his time to serve defendants named in the original complaint. See Bolden v. City of Topeka, Kansas, 441 F.3d 1129, 1148 (10th Cir. 2006). The United States Marshals Service was unable to serve these defendants with the information provided plaintiff, and over a month has passed since the United States Marshals Service filed notice that the summonses for these defendants were returned unexecuted. Dkt. ## 37, 38. Even if these defendants had been served, it is clear that plaintiff could not state a claim against them for the reasons stated in Mull's motion to dismiss. As tribal entities, these defendants are entitled to sovereign immunity from claims in federal court, and plaintiff's claims against them should be dismissed. Native American Distributing v. Seneca-Cayuga Tobacco Co., 546 F.3d 1288, 1293 (10th Cir. 2008).

**IT IS THEREFORE ORDERED** that Defendant's, Brett Mull, Motion to Dismiss Complaint for Lack of Jurisdiction Pursuant to Rule 12(b) and Failure to State a Claim Pursuant to Rule 12(b) and Brief in Support (Dkt. # 27) and Motion to Dismiss and Brief in Support of the Improperly Named Defendant, Rogers County Jail (Dkt. # 33) are **granted**. Plaintiff's claims against defendants Mull, the Rogers County Jail, Cherokee Casino Catoosa, and the Cherokee Marshals are **dismissed**. A separate judgment of dismissal is entered herewith.

**DATED** this 24th day of September, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT